IN THE COUNTY COURT OF THE
ELEVENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA
IN AND FOR MIAMI DADE COUNTY, FLORIDA

Gady Abramson, DC PA
(a/a/o Grace Crance),

    Plaintiff

Case No:

v.

LM General Insurance Company

    Defendant
_____/

## COMPLAINT FOR NON-MONETARY RELIEF AND DAMAGES

COMES NOW, the Plaintiff, Gady Abramson, DC PA, and sues the Defendant, LM General Insurance Company, by way of this Complaint, and states as follows:

### INTRODUCTION

1. This is an action for moneys owed, as well as a declaration and injunction against insurance company, LM General Insurance Company, which concerns both a declaration related to the insurance company's actions related to the No Fault Act, as well as injunctive relief regarding the same, and money damages. This action is over a declaration and injunction, and money damages within the jurisdictional limits of this Court.

2. The Defendant is an insurance company who writes motor vehicle insurance policies, including No Fault insurance policies in the State of Florida, and operates under a 'certificate of authority' provided by the State of Florida as per Fla. Stat. 624.401 et seq. The Defendant

- 1 -

- 2 -

has offices or agents in this jurisdiction, regularly conducts its business in this jurisdiction and regularly sells insurance to this jurisdiction, and forum, venue and jurisdiction are proper in this Court.

3. The Plaintiff, a medical provider who operates in this area, routinely, and as a matter of course and routine practice, sees patients who wish to pay for services with insurance policies, such as those offered by the Defendant.

4. Grace Crance was involved in an incident arising out of the use, operation, or maintenance of a motor vehicle, which caused the patient injuries ('the accident'), as further reported to the insurer under claim number LA000-035935303-01.

5. Grace Crance was entitled to No Fault benefits in a policy written by the Defendant, which was in full force and effect at the time of the accident.

6. Grace Crance presented for treatment at the Plaintiff's place of business.

7. Grace Crance had injuries which were related to the accident.

8. Grace Crance received medical services that were provided by Plaintiff and were 'medically necessary' as that term is meant in the No Fault Act.

9. The patient has incurred medical bills of a 'reasonable' price for the treatment the Plaintiff has rendered, as that term is understood in Fla. Stat. 627.736(5).

10. Grace Crance assigned with the attached 'assignment of benefits' and/or equitably assigned, the insurance benefits in this claim for these services to the Plaintiff, giving Plaintiff the right to sue the Defendant directly. The Plaintiff has standing in this matter.

11. Plaintiff submitted medical bills which fully comply with Fla. Stat. 627.736(5)(d) to the Defendant.

12. The medical bills were submitted timely, as that term is understood in the No Fault Act.

13. The Plaintiff has submitted a demand letter pursuant to Fla. Stat. 627.736(10), and the Plaintiff did not need to submit the demand including the exact amount owed.

14. The insurer has failed to pay all of the medical bills, has reduced the amount of medical bills, including all penalties, interest, and postage as required by the No Fault Act and costs for responding to requests for information the insurer made pursuant to Fla. Stat. 627.736(6)(b).

15. All conditions precedent to the instant action have either been satisfied or waived.

**COUNT I PETITION FOR INJUNCTIVE RELIEF - PETITION FOR PERMENANT INJUNCTION TO PREVENT INSURER FROM UTILIZING CS/CS/HB 119**

16. The Plaintiff hereby reincorporates and re-alleges the allegations previously made above in paragraphs 1-15 as if fully set forth herein.

17. As stated above, the Plaintiff routinely accepts patients seeking to pay with their No Fault insurance policies.

18. The Defendant insurance company, has sought, and will seek, and is presently seeking, to utilize changes made to the Florida Motor Vehicle No Fault Act, by CS/CS/HB 119, a bill approved by Governor Rick Scott on May 4, 2012 ("HB 119") in paying, adjusting, and dealing with claims made by the Plaintiff, including the present claim.

19. The Plaintiff will take patients, and has taken patients, and will continue to take patients, who seek to utilize the Defendant's insurance policies to pay for medical bills stemming from injuries sustained in automobile accidents, has billed, will bill, and is presently billing the insurer.

20. The Plaintiff, on behalf of itself and its assignors, has a clear legal right to access the Courts, as guaranteed by the Florida Constitution, Art. 1, Sec. 21, as well as the right to operate under a No Fault system that does not impinge on the constitutional rights of the citizens of the State of Florida, and HB 119 violates that right.

21. There is no adequate remedy at law. The Plaintiff cannot simply file a breach of contract action in each individual case against this insurer. The problem is that HB-119, as written, requires the Plaintiff to undergo a great deal of additional costs to treat a patient, and to

make substantial business reorganizations just to comply with the requirements of said bill. These requirements are including but not limited to hiring more expensive physical therapists and other personnel to perform services, where a massage therapist would be less expensive and could achieve the same result, changing billing procedures, hiring additional office staff to deal with the now allowed "conditions precedent" in insurance policies. Thus the Plaintiff either has the choice of complying with HB-119, or not complying and waiting for 18 months (or longer) per case to find out whether the bill is not constitutional. Either way, the Plaintiff will be taking business losses because of a bill that is unconstitutional.

22. Furthermore, the insurers will attempt to "choke out" the medical provider by limiting benefits in many cases to $2,500 by simply saying that "this is not an emergency medical condition" case, or by arbitrarily claiming "fraud" (which has been grossly exaggerated by the insurance industry), tying up funds in litigation and causing the Plaintiff to be forced to close its business so as to reduce claims. The effect of this new bill is pervasive in South Florida, with already many small businesses being forced to close. The Plaintiff has a great number of patients who seek to pay some of their medical bills with policies issued by the Defendant, and due to the fact that this insurer (along with many other insurers) deliberately use the Court system as a bottleneck, demanding discovery, and fighting claims (rightly or

wrongly), has caused injunctive relief not only to be superior to bringing individual contract claims, but to be necessary to the Plaintiff's business operations so as to prevent the business from being "choked out" and being forced to close its doors due to inadequate cash flow. Indeed, this injunction is required because the purported remedy at law, i.e. filing a breach of contract action in each case, would cause the Plaintiff to go out of business, or would cause the Plaintiff to undergo severe financial hardship.

23. As clearly demonstrated above, irreparable harm will be set forth should this insurer be allowed to continue adjusting its claims with this provider in using the changes made in HB-119, including in this claim. The insurer should not be able to utilize new defenses to claims in HB-119, as it clearly is unconstitutional.

**WHEREFORE**, the Plaintiff seeks this Court to enjoin the Defendant from relying upon this unconstitutional statute in adjusting claims against this medical provider, and directing the insurer to adjust and pay claims as though HB-119 never was passed, or whatever other relief the Court deems necessary and proper.

## COUNT II - PETITITON FOR DECLARATORY RELIEF - STATING EXACT AMOUNT OWED IN DEMAND LETTERS

24. The Plaintiff hereby reincorporates and re-alleges the allegations previously made above in paragraphs 1-15 as if fully set forth herein.

25. This is a count to construe the rights and obligations of the parties vis-a-vis the Florida Motor Vehicle No Fault Act, which is being brought pursuant to Chapter 86, Florida Statutes.

26. In this count, the Plaintiff seeks a declaration to determine whether it must put the "exact amount owed" in demand letters pursuant to Fla. Stat. 627.736(10) done to this insurance company when submitting medical bills to the insurer.

27. There is a pressing, practical need for the declaration, as the insurer requires that in submitting any claim, the medical provider must state the exact amount owed in the demand for the demand to satisfy a condition precedent, including in this claim, and will retain the right to deny the claim. The provider does not believe this is accurate, and wishes the Court to tell the provider its obligations in submitting No Fault Claims to this insurer. The declaration is needed in the instant claim as the insurer has failed to admit that the exact amount owed is unnecessary.

28. Calculating the exact amount owed, rather than just resubmitting the underpaid CMS forms, or stating a total amount of the bills and dates of service, causes a great hardship on the provider, in the form of employee and/or legal costs, and is actually impossible to do in most cases due to several factors, not least of which is the fact that insurers have obtained favorable caselaw from the Third DCA which allow them to completely refuse to provide any information

whatsoever (such as the policy or explanations of benefits) which would allow the provider to know the amount owed.

29. The Plaintiff does not know whether it needs to fill in the exact amounts owed in its demand letters, and is in doubt of its rights and obligations under the No Fault Act.

30. This declaration deals with a present, ascertainable state of facts, and the law as applied to those facts - specifically, if whether during the submission of a claim in this case, or any claim, whether the Plaintiff must submit a demand letter with the exact amount owed.

31. A power, privilege, and right is dependent on the law applicable to the facts at issue in this case, and between these parties, specifically, whether the insurer has the ability to deny a claim because the medical provider did not put the exact amount owed under the policy of insurance in the presuit demand letter, both in this claim, and in future and past claims.

32. The Defendant insurer has an antagonistic interest against the granting of the instant relief.

33. The relief requested is only a declaration applicable to the Defendant, as such, all parties in interest have been brought before the Court via this complaint.

34. The relief sought is not for curiosity, nor for merely the giving of the advice, but instead is done to resolve a present and existing dispute between the insurer and this medical provider.

WHEREFORE, the Plaintiff seeks the Court to take jurisdiction over this matter and render a decree that the Plaintiff need not state the exact amount owed in demand letters to this insurer, and needed to not state the exact amount owed in this claim, as well as to award costs, and all attorney fees – see Fla. Stat. 627.736(8), 627.428, 57.011, as well as salient caselaw.

### COUNT III COMPLAINT FOR DECLARATORY RELIEF - COVERAGE

35. The Plaintiff hereby reincorporates and re-alleges the allegations previously made above in paragraphs 1-15 as if fully set forth herein.

36. This is a count to construe the rights and obligations of the parties vis-a-vis the Florida Motor Vehicle No Fault Act, which is being brought pursuant to Chapter 86, Florida Statutes.

37. In this count, the Plaintiff seeks a declaration to construe the terms of the Defendant's insurance policy, specifically, whether there is coverage for the loss at issue - the Defendant has refused to confirm coverage for this claim, and either has or will seek to have coverage invalidated during the pendency of this loss.

38. There is a pressing, practical need for the declaration, as the plaintiff needs to know whether this loss is covered so that if not, it can pursue the appropriate payor.

39. The Plaintiff does not for certain whether there is coverage for this loss, and is in doubt of its rights and obligations under the No Fault Act.

40. This declaration deals with a present, ascertainable state of facts, and the law as applied to those facts - specifically, whether there is coverage for the instant loss given all the factors in the No Fault Act and the policy of insurance in question.

41. A power, privilege, and right is dependent on the law applicable to the facts at issue in this case, and between these parties, specifically, whether there is coverage for the instant loss.

42. The Defendant insurer has an antagonistic interest against the granting of the instant relief, as it has an interest in deny coverage so that it can profit by collecting money without paying anything out.

43. The relief requested is only a declaration applicable to the Defendant and to this specific policy, as such, all parties in interest have been brought before the Court via this complaint.

44. The relief sought is not for curiosity, nor for merely the giving of the advice, but instead is done to resolve a present and existing dispute between the insurer and this medical provider.

WHEREFORE, the PLAINTIFF seeks this Court to entertain a declaratory action on this issue and adjudicate that there is coverage for the loss in question, and to as well award costs, and all attorney fees pursuant to Fla. Stat. 627.736(8), 627.428, 57.011, as well as salient caselaw.

## COUNT IV FAILURE TO PAY FOR MONEYS OWED BY AN INSURER UNDER THE NO FAULT ACT/POLICY OF INSURANCE

45. The Plaintiff hereby reincorporates and re-alleges the allegations previously made above in paragraphs 1-15 as if fully set forth herein.

46. In this claim, the Plaintiff provided medical treatment to the patient assignor for dates of service.

47. The Defendant was submitted medical bills related to this patient.

48. However, the Defendant has not paid the full amount for the benefits, interest, penalty, and postage, as well as costs related to Fla. Stat. 627.736(6)(b).

49. In this case the Plaintiff seeks $99.00, which the Defendant owes as the insurer under an insurance policy that legally caused the insurer to be liable for the required benefits and costs under the No Fault Act for the patient's medical bills, and under the terms of the policy of insurance, if the same provides greater coverage than the No Fault Act.

WHEREFORE, the PLAINTIFF seeks this Court to enter judgment against the Defendant in the amount stated above, equitable relief including suspending the insurer's certificate of insurance for failure to pay claims, plus all statutory interest, as well as costs, and all attorney fees pursuant to Fla. Stat. 627.736(8), 627.428, 57.011, as well as salient caselaw.

Dated this day of Tuesday, July 31, 2018.

Respectfully Submitted,

__/s/RichardPatino_____
Richard Patiño, Esq.
Fla. Bar. No: 986712
The Patiño Law Firm
5005 LeJeune Road
Hialeah, FL 33013
(305) 821-3100
service@patinolawfirm.com